Per Curiam.

One question in this cause relates to the power of a guardian to assign dower. It is a well settled general principle, that a guardian cannot, by his contract, bind the person or estate of his ward. The law is equally clear, that an infant is bound to set off the widow’s dower. There are a great many cases in which infancy gives no privilege, as in the repairing of bridges, Sic. The assignment of dower is a case where the least delay is admitted, and the question is, how is an infant to make the assignment. It cannot be ^better done than by his guardian. The guardian, it is true, cannot bind his ward by deed, but it is not necessary that the assignment of dower should be by deed.[1] It was so held in a late case which came before us on a question of pleading. [Conant v. Little, ante, 189.] The assignment is not a conveyance of an estate, but the dowress, by intendment of law, is in by her husband. A guardian must have power to assign dower, because otherwise the infant would be likely to suffer from want of discretion, if he assigned it himself, or be put to unnecessary expense, if the widow should be obliged to resort to process of law.
As to the clause in the deed, that the widow should take the estate assigned, subject to all the conditions and liabilities, and with all the privileges and incidents, of dower, it is doubtfu. whether it is to be construed so strictly as contended for by the counsel for the demandants, and whether it means any thing more than that she was to hold the land as a dowress. Can it be construed to throw on the tenant the risk of the title in the estate assigned ? No loches are imputable to him. The demandants, on the other hand, had means of knowledge. A stranger was in possession. The least inquiry of him would have disclosed his title ; and the same would also have been found in the registry of deeds.
*325 But there is another view of the case. This was an assignment against common right. An example of such an assignment in the books is, where the heir, on the acceptance of the widow, assigns one manor in lieu of a third part of each of three manors. It is a principle, in such cases, that she takes subject to all incumbrances by the husband. Co. Lit. 32 a, and note 197. If the estate assigned turns out to be more valuable than a third, she may still hold it; and on the contrary, if it proves less valuable, she must bear the loss. The important point in every case of that kind is, that the widow has accepted what could not have been lawfully assigned to her against her will. It is a voluntary release of a legal right for something supposed to be equivalent or more. The release shall stand, though the consideration fails. It is manifest that it would be highly injurious to the public, if an innocent purchaser should not be protected in such a case. He is not bound to look beyond the deed of release.
According to the agreement of the parties, the demandants must be nonsuit.

 Baker v. Baker, 4 Greenl. 67; Pinkham v. Gear, 3 N. Hamp. R. 163